**WO** JKM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|   |   |
|---|---|
| Dilma Leticia Salguero-Morales,<br><br>    Petitioner,<br><br>vs.<br><br>Janet Napolitano, et al.,<br><br>    Respondents. | No. CV 09-0194-PHX-MHM (JRI)<br><br>**ORDER** |

Pending before the Court is Petitioner's Motion for Injunctive Relief (Emergency Temporary Restraining Order) (Doc. #28) seeking an immediate stay of removal and an order compelling Respondents to immediately release her. The Court will deny the Motion without prejudice.

**I.     Request for Immediate Stay of Removal**

This is Petitioner's second request for an emergency stay of removal. Petitioner's prior request was denied because Petitioner failed to serve her request on Respondents and because she failed to demonstrate that she would suffer irreparable injury before Respondents could be heard in this matter. (Doc. #6.) But the prior request was denied without prejudice and Respondents were required to file and serve a "Notice of Intent to Remove" if they intended to remove Petitioner from the United States prior to the Court's disposition of this case. (Doc. #6 at 3-4.) Respondents have appeared and have answered the Petition, but they have not filed a "Notice of Intent to Remove."

The standard for a stay of removal requires consideration of four factors: "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" Nken v. Holder, 129 S. Ct. 1749, 1756 (2009) (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)). The petitioner bears the burden of persuasion. Id. "The first two factors . . . are the most critical." Id. It is not enough for a petitioner to show "a mere 'possibility' of relief" to satisfy the first factor. Id. Nor is it enough for a petitioner to "simply show[] some 'possibility of irreparable injury'" in order to satisfy the second factor. Id. (Quoting Abbassi v. INS, 143 F.3d 513, 514 (9th Cir. 1998)).

The Court will deny Petitioner's request for a stay of removal because she has failed to demonstrate that she will suffer an irreparable injury in the absence of a stay. Cf. Associated Gen. Contractors of Calif. v. Coalition for Economic Equity, 950 F.2d 1401, 1410 (9th Cir. 1991) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing, he or she must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief.") Respondents are under a continuing obligation to file a "Notice of Intent to Remove" if they intend to remove Petitioner from the United States before her habeas corpus petition can be resolved. In the absence of a declaration of intent to remove from Respondents, it is apparent that Petitioner's removal is not imminent. Moreover, if her status changes, Respondents are required to serve a "Notice of Intent to Remove" with sufficient time to permit Petitioner to file a proper motion for a temporary restraining order. Accordingly, Petitioner's request for a stay of removal will be denied without prejudice.

**II. Request for Immediate Release from Detention**

Petitioner also seeks an temporary restraining order directing Respondents to immediately release her from detention. Petitioner's requests for expedited release, however, is essentially a restatement of the ultimate request for relief presented in her Petition. Every habeas corpus petition necessarily alleges the same basic ground for relief, *i.e.*, that the

petitioner is being detained in violation of the Constitution, laws or treaties of the United States. See 28 U.S.C. § 2241. Only when it is clear on the face of a petition that exceptional circumstances require immediate review of a petitioner's claims will consideration of his petition be advanced at the expense of prior, pending petitions. Upon the record currently before the Court, it is not plain that the merits of Petitioner's claims are so strong as to warrant either expedited adjudication or immediate release from custody. See In re Roe, 257 F.3d 1077, 1081 (9th Cir. 2001) (declining to resolve issue of whether a district court has the authority to release a prisoner pending resolution of a habeas case, but holding that if such authority does exist, it can only be exercised in an "extraordinary case involving special circumstances"). Accordingly, Petitioner's request for immediate release will be denied.

**IT IS ORDERED** that the reference to Magistrate Judge Jay R. Irwin of Petitioner's Motion for Injunctive Relief (Emergency Temporary Restraining Order (Doc. #28) is withdrawn. All other matters in this case remain pending before Magistrate Judge Jay R. Irwin.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Injunctive Relief (Emergency Temporary Restraining Order) (Doc. #28) is **denied** without prejudice.

DATED this 24th day of June, 2009.

Mary H. Murgia
United States District Judge